IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

C.A. NO. _____

| | |
|---|---|
| Cauzetta Fulton ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **NOTICE OF REMOVAL** |
| ) | |
| Cigna Corporation d/b/a Cigna Life; The ) | |
| Cigna Group; d/b/a Life Insurance ) | |
| Company of North America ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, FLORENCE DIVISION:

Defendants, Life Insurance Company of North America ("LINA"), Cigna Corporation d/b/a Cigna Life, and The Cigna Group, pursuant to 28 U.S.C. §§ 1331, 1332, 1441(a), (b), (c) and 1446(a), (b), (c) and (d), hereby notices its removal of the above-captioned case from the Court of Common Pleas for Florence County, South Carolina, to the United States District Court of South Carolina, Florence Division. The grounds for the removal are as follows:

1.   A civil action is now pending in the Court of Common Pleas for Florence County, South Carolina, bearing the case name <u>Cauzetta Fulton v. Cigna Corporation; The Cigna Group; d/b/a Life Insurance Company Of North America</u>, bearing case number 2024-CP-21-00267. The action was commenced on February 1, 2024.

2.   No Defendant has any record of being served. This notice of removal is being filed within 30 days of the filing of the Complaint.

1

3.      According to the Paragraph 1 of the Complaint, Plaintiff is a citizen and resident of Florence County, South Carolina.

4.      LINA is a stock insurance company that is organized under the laws of the Commonwealth of Pennsylvania with its principle place of business in the Commonwealth of Pennsylvania, as well.

5.      "The Cigna Group," which until February 13, 2023, formerly known as "Cigna Corporation", is organized under the laws of the State of Delaware with its principle place of business the State of Connecticut.[1]

6.      In Paragraph 5 of the Complaint, Plaintiff alleges "That on or about November 26, 2019, Decedent completed an application for the Insurability Requirement and was approved for $30,000.00 in Voluntary Dependent Spouse Life benefits, a benefit intended to be conferred upon Plaintiff." Attached to this Notice of Removal as Appendices 1 and 2 are respectively the Application and Approval Letter dated November 26, 2019, referenced in Paragraph 5 of the Complaint. Each document references "Life Insurance Company of North America," "FLX 980296" and "McLeod Health."

7.      In Paragraph 6 of the Complaint Plaintiff further alleges, "That the issuance of this insurance policy (hereinafter referred to as the "Contract") by Cigna created a mutually binding contract of insurance between Decedent and Defendant with Plaintiff being an intended-party beneficiary under the terms and conditions of the Contract." Attached to this Notice of Removal as Appendices 3 and 4 are Policy No. FLX 980296

---

[1] At the time of the underlying events in this litigation, "Cigna Group Insurance" was a registered service mark of Cigna Intellectual Property, Inc., licensed for use by Cigna Corporation and its operating subsidiaries, one of which was Life insurance Company of North America.  See Appendix 2, fn.

2

issued by Life Insurance Company of North America McLeod Health and amendments to the Policy as of January 1, 2020. The Policy contains an Amendatory Rider for Claim Procedures Applicable to Plans Subject to the Employee Retirement Income Security Act ("ERISA"). The Amendatory Rider notes that, "This Policy has been issued in conjunction with an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA"). This Policy is a Plan document within the meaning of ERISA." (FLX 980296, p. 27)  Attached to this Notice as Appendix 5 is the Certificate for FLX 980296 issued by Life Insurance Company of North America for distribution to Class 1 employees of McLeod Health, which contains supplemental information required by ERISA. (FLX 980296 Cert., p. 21) As the document notes, "The Certificate, along with the following Supplemental Information, makes up the Summary Plan Description as required by ERISA." (*Id.*) Attached to the Notice of Removal as Appendices 6 and 7 are the United States Department of Labor Form 5500s filed with respect to the 2019 McLeod Health Dependent Life Plan and 2020 McLeod Health Flexible Benefits Plan, each of which specifically identifies FLX 980296 as being part of the respective plans. (Id., pp. 8, 12)

8. At the time decisions in at issue in this litigation were made, the benefits at issue were provided by a welfare benefit plan subject to ERISA. Specifically, the insurance coverage under which Plaintiff makes claim is an "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002(1), in that it was established and maintained by an employer, for the purpose of providing its employees with accidental death and disability benefits.  The policies were issued by LINA to McLeod Health, Plaintiff's employer. The Plaintiff was a plan participant by virtue of her status as an employee of

McLeod Health within the meaning of 29 U.S.C. § 1002(7). Plaintiff is a beneficiary as defined 29 U.S.C. § 1002(8) to the extent the deceased designated her as his beneficiary. Consequently, the claim for benefits is completely preempted by ERISA and the claim, if at all, must be made under 29 U.S.C. § 1132(a)(1)(B).

9. The District Courts of the United States have original jurisdiction over, and federal law under ERISA controls, actions brought to recover benefits and to enforce rights under employee welfare benefit plans. 29 U.S.C. § 1132(e)(1); *Pilot Life Ins. Co. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549 (1987).

10. ERISA contains a specific, complete preemption clause which states: "[e]xcept as provided in subsection (b) of this section, the provisions of [ERISA] shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan..." 29 U.S.C. § 1144(a).

11. The U.S. Supreme Court has recognized that the force of ERISA's preemption is strong and its scope wide. *See E.G. FMC Corporation v. Holiday*, 498 U.S. 52, 58, 111 S.Ct. 403, 407-08, 112 L.Ed.2d 356 (1990). "The phrase 'relates to' is given a broad common sense meaning '[a] law relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Airlines, Inc*., 463 U.S. 85, 96-97, 103 S.Ct. 2890, 2899-900 (1983). ERISA is the "**exclusive** vehicle for actions by ERISA plan participants and beneficiaries, asserting improper processing of a claim for benefits ..." *Pilot Life v. Dedeaux*, 481 U.S. 41, 52, 107 S.Ct. 1549, 1555 (1987) (emphasis added); "[A]fter *Pilot Life*, any contention that the state law claims here are not preempted by ERISA would be frivolous ..." *Maker v. Health Care Corp. of Mid Atlantic*, 872 F.2d 80, 82 (4th Cir. 1989); *Powell v. Chesapeake & Potomac*

*Tel. Co.*, 780 F.2d 419, 422 (4th Cir. 1985) ("[t]o the extent that ERISA redresses the mishandling of benefits claims or other maladministration of employee benefit plans, it preempts analogous causes of action [including contract and tort claims], whatever their form or label under state law."); *Singh v. Prudential Health Care Plan, Inc.*, 335 F.3d 278, 290-91 (4th Cir. 2003) (holding that a health maintenance organization (HMO) member's claims which sought return of plan benefits fell within scope of ERISA civil enforcement provision and were completely preempted); *Darcangelo v. Verizon Communs., Inc.*, 292 F.3d 181 (4th Cir. 2002) "[A]n action to enforce the terms of a contract, when that contract is an ERISA plan, is of necessity an alternative enforcement mechanism for ERISA § 502."); *Hendrix v. Res. Real Estate Mgmt., Inc.*, 170 F. Supp. 3d 879 (D.S.C. 2016) (tort and contract actions alleging the mishandling of benefits under a plan are completely preempted); *Tucci v. First Unum Life Ins. Co.*, 446 F. Supp. 2d 473 (D.S.C. 2006) (an action for breach of contract to recover long term disability plan benefits is completely preempted).

12.  Removal of such cases to federal court is proper. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). *See also Moon v. BWX Techs., Inc.*, 498 Fed. Appx. 268, 273 (4th Cir. 2012) (application of complete preemption in the context of ERISA); *King v. Marriott Int'l*, 337 F.3d 421, 425 (4th Cir. 2003) ("In cases of complete preemption, however, it is misleading to say that a state claim has been 'preempted' as that word is ordinarily used. In such cases, in actuality, the plaintiff simply has brought a mislabeled federal claim, which may be asserted under some federal statute.") (citation omitted). This Court has jurisdiction over this matter pursuant to ERISA, 29 U.S.C. § 1132(e)(1), and pursuant to its Federal question jurisdiction under 28 U.S.C. § 1331. Such a case may be

removed to this court based on the doctrine of complete preemption.

13.  This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as it involves a dispute between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs. The claims in the Complaint, which are preempted, seek the underlying insurance benefits, plus punitive damages and attorneys' fees for alleged bad faith. (Complaint, ¶ 21) The amount of benefits in dispute under policy FLX 980296 is $20,000.00. Plaintiff's claim for attorney's fees, an award of which are an available ERISA remedy, impacts the amount in dispute. When a "statute provides for the recovery of attorneys' fees as a substantive right, they are properly includable in the amount in controversy estimate." *See Bartnikowski v. NVR, Inc.,* 307 Fed. Appx. 730, 736 n.12 (4th Cir. 2009) (citing *Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202, 54 S. Ct. 133, 78 L. Ed. 267 (1933)).[2] Thus, even if the claims in the Complaint were not completely preempted by ERISA—which they are—and the action was not removable on the basis of complete preemption, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 based on the allegations of the Complaint. Such a civil action may be removed pursuant to 28 U.S.C. § 1441(a) and (b).

14.  Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) and 28 U.S.C. § 121(2) because this district and division embrace the Court of Common Pleas for the Twelfth Judicial Circuit in Florence County, South Carolina, the

---

[2] If the claims in the Complaint were not preempted, Plaintiff's request for punitive damages could be considered by a court when ascertaining the amount in dispute. *See R. L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc.*, 23 Fed. Appx. 141, 145 n.3 (4th Cir. 2001) ("When calculating the amount in controversy, the district court should consider any special or punitive damages, such as treble damages, available to [plaintiff] under the [Unfair Trade Practices Act.]") (citations omitted).

6

forum in which the removed action was pending.

15. Defendants file herewith in this Court a copy of the Summons and Complaint (Appendix 8), which is the only process and pleadings contained in the Court of Common Pleas file.

16. Pursuant to 28 U.S.C. § 1446(d), a written notice (Appendix 9) of the filing of this removal is being served on the Plaintiff and the clerk of court from which this action is being removed, along with a copy of this Notice (without attachments).

WHEREFORE, Defendants pray that this Notice of Removal be accepted as sufficient for removal of this action to this Court and that this Court retain jurisdiction of this action.

s/Franklin G. Shuler, Jr.  
Franklin G. Shuler, Jr., I.D. #5547  
Hannah D. Stetson, I.D. # 12036  
Turner, Padget, Graham & Laney, P.A.  
Post Office Box 1473  
Columbia, South Carolina 29202  
Telephone: (803) 254-2200  
fshuler@turnerpadget.com  
hstetson@turnerpadget.com  

February 28, 2024                    ATTORNEYS FOR DEFENDANTS