IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

C.A. NO. _____

| | |
|---|---|
| Cauzetta Fulton )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Cigna Corporation d/b/a Cigna Life; The )<br>Cigna Group; d/b/a Life Insurance )<br>Company of North America )<br>)<br>Defendants. )<br>_____ ) | **DEFENDANTS' RESPONSES TO LOCAL CIVIL RULE 26.01 INTERROGATORIES** |

Defendants, Life Insurance Company of North America ("LINA"), Cigna Corporation d/b/a Cigna Life, and The Cigna Group, by and through their undersigned counsel, submits the following information pursuant to Local Civil Rule 26.01:

A. State the full name, address and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

**ANSWER:** None.

B. As to each claim, state whether it should be tried jury or nonjury and why.

**ANSWER:** The claims pled in the Complaint are preempted by the Employee Retirement Income Security Act of 1974. As such, Plaintiff is not entitled to a jury trial; rather, the case must be decided upon the administrative record created by LINA.

C. State whether the party submitting these responses is a publicly owned company and separately identify: (1) each publicly owned company of which it is a parent, subsidiary, partner, or affiliate; (2) each publicly owned company which owns ten percent

1

or more of the outstanding shares or other indicia of ownership of the party; and (3) each publicly owned company in which the party owns ten percent or more of the outstanding shares.

**ANSWER:**

(1) LINA is a wholly owned subsidiary of New York Life Insurance Company. New York Life Insurance Company is not a subsidiary of any other entity which owns 10% or more of the stock of the New York Life Insurance Company. LINA does not own ten percent or more of the outstanding shares in a publicly traded company.

(2) The Cigna Group, formerly known as Cigna Corporation, is a publicly traded corporation. The Cigna Group is not the parent, subsidiary, partner, or affiliate of any publicly owned company. No publicly owned company owns ten percent or more of the outstanding shares or other indicia of ownership of The Cigna Group. The Cigna Group does not own ten percent or more of the outstanding shares in any publicly traded company.

D. State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division).

**ANSWER:** The case is being removed from the Florence County Court of Common Pleas and thus it is being removed to the Florence Division.

E. Is this action related in whole or in part to any other matter filed in this District, whether civil or criminal? If so, provide: (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action.

**ANSWER:** None, in so far as Defendants are aware.

F. If the Defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

**ANSWER:** Life Insurance Company of North America is not a d/b/a for The

2

Cigna Group. Its proper name is "Life Insurance Company of North America." Life Insurance Company of North America issued the insurance policy in question, FLX 980296, and is the proper Defendant in this matter. As such, Counsel is authorized to accept an amended summons and pleading reflecting the correct identification of Life Insurance Company of North America.

Prior to February 13, 2023, The Cigna Group was known as Cigna Corporation. The Cigna Group is not an insurance company, does not issue insurance policies, does not do business in South Carolina and is not a proper Defendant in this action. As such, Counsel is not authorized to accept an amended summons and pleading reflecting the correct identification for The Cigna Group.

G.  If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of such liability.

**ANSWER:**  Not applicable.

H.  Parties or Intervenors in a Diversity Case. In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party or intervenor. This response must be supplemented when any later event occurs that could affect the court's jurisdiction under § 1332.

**ANSWER:**

(1)  Plaintiff is, according to the Complaint, a citizen of South Carolina.

(2)  Defendant Life Insurance Company of North America is an insurance company incorporated under and exists pursuant to the laws of the

Commonwealth of Pennsylvania with its principal place of business in the Commonwealth of Pennsylvania.

(3)  Defendant The Cigna Group, which was formerly known as Cigna Corporation, is incorporated and exists pursuant to the laws of the State of Delaware with its principal place of business in the State of Connecticut.

|  |  |
|---|---|
|  | s/Franklin G. Shuler, Jr. |
|  | Franklin G. Shuler, Jr., I.D. #5547 |
|  | Hannah D. Stetson, I.D. # 12036 |
|  | Turner, Padget, Graham & Laney, P.A. |
|  | Post Office Box 1473 |
|  | Columbia, South Carolina 29202 |
|  | Telephone:  (803) 254-2200 |
|  | fshuler@turnerpadget.com |
|  | hstetson@turnerpadget.com |
| February 28, 2024 | ATTORNEYS FOR DEFENDANTS |

4